UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DELANEY WILLIAMS**,

        Plaintiff,

v.                                                                      **Case No. 14-cv-1078-pp**

**DAVE STAUCHIE, MR. ISAAC,
ALVIN BIRDICK, MEGAN KEEFER,
and GUARD RAY,**

        Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 107), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL TO DEPOSE WITNESSES (DKT. NO. 109), GRANTING PLAINTIFF'S MOTION TO SUBMIT EVIDENCE (DKT. NO. 110), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF RECUSAL (DKT. NO. 111), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 112), DENYING PLAINTIFF'S MOTION TO STAY (DKT. NO. 116), DENYING PLAINTIFF'S MOTION TO SUPPLEMENT MOTION TO COMPEL (DKT. NO. 117), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 123), AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 126)**

---

The plaintiff, Travis Delaney Williams, is proceeding *pro se* on excessive force and deliberate indifference to serious medical need claims against the defendants.

**A.    Background**

On December 14, 2015, defendant Megan Keefer filed a motion for summary judgment. Dkt. No. 48. The Kenosha County defendants filed a motion for summary judgment on January 4, 2016. Dkt. No. 57. Before and after these motions for summary judgment, the parties filed numerous other motions.

1

On March 14, 2016, in an attempt to get the case back on track, the court entered an order resolving all of the outstanding motions other than the defendants' motions for summary judgment. Dkt. No. 78. In that order, the court directed the plaintiff to sign and return an authorization for the release of medical records. Id. at 24-25. The court also directed the plaintiff to file his response to the Kenosha County defendants' motion for summary judgment on or before May 16, 2016. Id. at 26. The court received the plaintiff's response to the Kenosha County defendants' motion for summary judgment on March 24, 2016. Dkt. Nos. 79-89.

On April 7, 2016, the plaintiff filed a motion asking the court to recuse itself. Dkt. No. 94. The court denied this motion on April 19, 2016. Dkt. No. 95.

The plaintiff then filed a flurry of motions. On April 25, 2016, the court received a motion to compel. Dkt. No. 107. On April 27, 2016, the court received a motion to appoint counsel to depose witnesses, a motion to submit evidence, and a motion for reconsideration of the court's recusal decision. Dkt. Nos. 109-111.

On May 10, 2016, the court received another motion to compel. Dkt. No. 112. Two weeks later, on May 24, 2016, the court received a motion to stay and a motion to supplement the plaintiff's motion to compel. Dkt. Nos. 116-17. The plaintiff filed yet another motion to compel on June 17, 2016. Dkt. No. 123. Three days later, he filed another motion to appoint counsel. Dkt. No. 126.

While these motions were coming in, the parties completed briefing on both of the motions for summary judgment. To the extent that they may affect

2

the motions for summary judgment, the court will resolve the outstanding motions in this order and issue separate orders regarding the defendants' motions for summary judgment.

**B.   Discussion**

   *1.   Motions to Compel (107, 112, 117, 123)*

The plaintiff has filed three motions to compel, and a motion to supplement his motion to compel. These motions generally deal with the same materials, including production of video footage, grievances, and personnel records for the defendants—particularly disciplinary records for Isaac and Burdick. It is unclear whether the plaintiff ever served proper discovery requests for any of these items. None of the motions includes a certification that he made a good faith attempt to confer with the defendants before filing the motions, even though the court's March 14, 2016 order described the requirements for filing a motion to compel under Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37. Dkt. No. 78 at 14. The plaintiff suggests that his ongoing communications with the defendants' attorneys regarding the case satisfy the requirement, but they do not. The court will deny the plaintiff's motions to compel and his motion to supplement his motion to compel.

The court notes that ultimately the defendants provided many of the materials at issue in the plaintiff's motions. The defendants retain their objections to the defendants' disciplinary histories and other documents from the defendants' personnel files. The court notes that the defendants are not

3

responsible for the plaintiff's being unable to have a DVD in his cell. If the plaintiff has claims remaining after the court decides the defendants' motions for summary judgment, the court will consider at that time whether the parties need additional discovery.

   2.   *Motions to Appoint Counsel (109, 126)*

The plaintiff's first motion asking the court to appoint counsel indicated that he needed an attorney to depose a number of witnesses for him. Dkt. No. 109. He says he needs the depositions and transcripts for summary judgment. Id. He also wants an attorney to depose three additional witnesses to refute what he alleges are lies in the defendants' motion for summary judgment, and to review the video footage of the use of force. Id. The court will deny this motion because the defendants' motions for summary judgment were fully briefed at the time the plaintiff filed it. The court will reevaluate the plaintiff's need for counsel and the need for additional discovery after deciding the motions for summary judgment.

The plaintiff's most recent motion is a renewed request for the court to appoint counsel. Dkt. No. 126. The motion does not focus on the plaintiff's need for counsel. Rather, the plaintiff argues that staff at Columbia Correctional Institution increased their retaliation against the plaintiff after the court mailed the warden a copy of the March 14, 2016 order. Id. The plaintiff claims that on April 8, 2016, he was placed in a nasty, dirty cell with human waste water coming through holes in the wall when inmates shower. Id. Once again, the court will instruct the plaintiff that these claims are not part of this

4

case. If the plaintiff believes he has retaliation or conditions of confinement claims against staff members at Columbia Correctional Institution, he must pursue those separately. The court will deny this motion because it does not give any reason why the court should appoint counsel.

   3.   *Submit Evidence (110)*

The plaintiff's motion to submit evidence is actually a sur-reply to the Kenosha County defendants' motion for summary judgment. Dkt. No. 110. In this sur-reply, the plaintiff makes some additional arguments, and asks to submit a copy of an inmate grievance he filed and an affidavit from another inmate. Dkt. Nos. 110, 110-1. The rules governing motions for summary judgment do not provide for sur-replies; they provide for a motion, a response, and a reply. Nonetheless, the court will grant the plaintiff's motion to submit the evidence, and will consider the arguments and exhibits in it when evaluating the Kenosha County defendants' motion for summary judgment.

   4.   *Reconsider Recusal (111)*

The plaintiff asks the court to reconsider its decision not to recuse itself from his case. Dkt. No. 111. The plaintiff continues to argue that the court is prejudiced and biased against him. He believes the court is holding him to extremely high standards, and expects a mentally and emotionally disturbed plaintiff with a sixth grade education who is being denied his psychotropic medication to litigate like famous lawyers. The plaintiff does not present newly discovered evidence or show that the court made a manifest error of law or fact, which is what a party must show in order to prevail on a motion to reconsider.

5

See Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987). The court will not vacate its order declining to recuse itself.

   5.   *Stay to enforce judgment (116)*

The plaintiff asks the court to stay the proceedings in the case until it rules on his other motions (such as the motions discussed above). The plaintiff brings this motion under Federal Rule of Civil Procedure 62, which allows the court to stay proceedings to enforce a judgment. The court has not issued a judgment in the plaintiff's case, so there is no judgment to enforce. Rule 62(b) does not authorize a court to stay proceedings pending ruling on motions.

Setting aside the fact that the rule the plaintiff cited does not provide for the relief he requests, the plaintiff asks the court to stay this case until it rules on his motions to compel and appoint counsel and enters a scheduling order. Dkt. No. 116. There is no need for a stay; the defendants' motions for summary judgment are fully briefed and ready for decision. The court will deny this motion, but if the plaintiff has claims remaining after the court rules on the defendants' motions for summary judgment, the court will issue a new scheduling order at that time.

**C.   Conclusion**

The court **DENIES** the plaintiff's motions to compel and his motion to amend or correct his motion to compel. Dkt. No. 107, 112, 117, 123.

The court **DENIES** the plaintiff's motions to appoint counsel. Dkt. No. 109, 126.

6

The court **GRANTS** the plaintiff's motion to submit evidence. Dkt. No. 110.

The court **DENIES** the plaintiff's motion to reconsider recusal. Dkt. No. 111.

The court **DENIES** the plaintiff's motion to stay. Dkt. No. 116.

Dated in Milwaukee, Wisconsin this 9th day of January, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

7

Case 2:14-cv-01078-PP   Filed 01/09/17   Page 7 of 7   Document 148