# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TRAVIS DELANEY WILLIAMS**,

     Plaintiff,

v.            **Case No. 14-cv-1078-pp**

**DAVE STAUCHIE,
MR. ISAAC,
ALVIN BIRDICK,
MEGAN KEEFER, and
GUARD RAY,**

     Defendants.

---

**DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S FOURTH MOTION TO APPOINT COUNSEL (DKT. NO. 131) AND DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 132) AND DENYING MEGAN KEEFER'S ORIGINAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 48)**

---

  The plaintiff, Travis Delaney Williams, is proceeding *pro se* on excessive force and deliberate indifference to serious medical need claims against the defendants. The plaintiff has filed a fourth motion to appoint counsel, dkt. no. 131, and a motion to compel, dkt. no. 132. The court will also address defendant Megan Keefer's two pending motions for summary judgment. Dkt. Nos. 48, 133.

**A. Motion to Appoint Counsel**

  On October 3, 2016, the plaintiff filed his fourth motion to appoint counsel. Dkt. No. 131. In this motion, the plaintiff notes that he filed a lawsuit in July 2016 in the United States District Court for the Western District of Wisconsin regarding his inability to access the law library and law clerks at

Columbia Correctional Institution. Id. at 1. He also filed a motion for a preliminary injunction in that case. Id. The plaintiff states that he received help to conduct discovery, that he has a sixth grade education, and that he is mentally unstable. Id. at 2. For these reasons, the plaintiff asks this court to appoint counsel to assist him. Id.

On January 9, 2017, the court issued an order ruling on several of the plaintiff's prior motions, including two previous motions to appoint counsel. See Dkt. No. 148 at 4-5 (denying motion to appoint counsel at Dkt. No. 109 and motion to appoint counsel at Dkt. No. 126). The court will deny this motion, as well. If, after the court has decided the pending motions for summary judgment, there are issues remaining which the plaintiff believes to be so complicated that he cannot litigate them himself, he may file another motion.

**B.    Motion to Compel**

On October 13, 2016, the court received from the plaintiff a motion to compel, asking the court to order the defendants to produce "all detainee names & their assigned cell in the Kenosha County pretrial facility X-Block who was assigned in X-Block on August 18th & 19th 2014 from 12: noon pm on August 18th 2014 through 8 pm August 19th 2014." Dkt. No. 132 at 1. He claims that he has asked the defendants twice to produce these names, that the names have not been produced, and then writes, "lets CONFER! CONFER!" Id.

In response, the defendants acknowledged that they received the request for production of documents, dated September 30, 2016. Dkt. No. 134 at 2. While Fed. R. Civ. P. 34(b)(2) gives parties thirty days to respond to requests for production of documents, the defendants explain that the plaintiff filed his motion to compel on October 13, 2016—only fourteen days after the date on his document request. Id. The defendants indicate that they responded to the plaintiff's request on October 17, 2016—four days after he filed it—and provided him all the documents he requested. Id. The motion to compel, therefore, is moot.

The court also notes that by dated his document request September 30, 2016, and then filing a motion to compel fourteen days later, the plaintiff did not comply with the requirement in Fed. R. Civ. P. 34(b)(2) that he give the defendants thirty days to respond. And the plaintiff's motion to compel did not comply with Federal Rule of Civil Procedure 37(a) and Civil Local Rule 37, because the motion did not contain any certification that the plaintiff met and conferred with the defendants in an attempt to resolve the discovery dispute before he filed his motion. The court has informed the plaintiff of this requirement in other cases in which he has filed motions to compel. The court will deny the plaintiff's motion to compel.

**C.  Nurse Keefer's Motions for Summary Judgment**

On December 14, 2015, defendant Meghan Keefer filed her original motion for summary judgment. Dkt. No. 48. At the time, she did not have access to the plaintiff's medical records. On October 18, 2016, Keefer filed a

3

renewed motion for summary judgment, indicating that she had obtained the records and that they were consistent with the information already filed. Dkt. No. 133. She asks the court to decide her motion based on the pleadings already filed, and once against provides the plaintiff with the notice required by Civil Local Rule 56(a)(1). Dkt. No. 133. The plaintiff supplemented his response after receiving Keefer's renewed motion for summary judgment, dkt. nos. 139-144, and Keefer filed a reply brief on November 7, 2016, dkt. no. 147. The court will deny Keefer's original motion for summary judgment, dkt. no. 48, and consider decide the renewed motion for summary judgment (dkt. no. 133), supported by the brief and supporting documents she filed in support of her original motion.

**D.     Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's fourth motion to appoint counsel. Dkt. No. 131. The court **DENIES** the plaintiff's motion to compel. Dkt. No. 132.

The court **DENIES** defendant Megan Keefer's motion for summary judgment. Dkt. No. 48.

The court will issue a separate order regarding Keefer's renewed motion

for summary judgment, dkt. no. 133, and the motion for summary judgment filed by the Kenosha County defendants, dkt. no. 57.

Dated in Milwaukee, Wisconsin this 21st day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge